AO 472 (Rev. 11/16) Order of Detention Pending Trial

United States District Court
Southern District of Texas

**ENTERED**
August 03, 2021
Nathan Ochsner, Clerk

# UNITED STATES DISTRICT COURT
for the

Southern District of Texas

| | |
|---|---|
| United States of America )<br>v. )<br>)<br>Moctar Ahmadou Gouroudja Ahmadou )<br>*Defendant* ) | Case No. 4:21-cr-396 |

## ORDER OF DETENTION PENDING TRIAL

### Part I - Eligibility for Detention

Upon the

☒ Motion of the Government attorney pursuant to 18 U.S.C. § 3142(f)(1), or
☒ Motion of the Government or Court's own motion pursuant to 18 U.S.C. § 3142(f)(2),

the Court held a detention hearing and found that detention is warranted. This order sets forth the Court's findings of fact and conclusions of law, as required by 18 U.S.C. § 3142(i), in addition to any other findings made at the hearing.

### Part II - Findings of Fact and Law as to Presumptions under § 3142(e)

☐ **A. Rebuttable Presumption Arises Under 18 U.S.C. § 3142(e)(2)** *(previous violator)*: There is a rebuttable presumption that no condition or combination of conditions will reasonably assure the safety of any other person and the community because the following conditions have been met:

☐ **(1)** the defendant is charged with one of the following crimes described in 18 U.S.C. § 3142(f)(1):

☐ **(a)** a crime of violence, a violation of 18 U.S.C. § 1591, or an offense listed in 18 U.S.C.
§ 2332b(g)(5)(B) for which a maximum term of imprisonment of 10 years or more is prescribed; **or**

☐ **(b)** an offense for which the maximum sentence is life imprisonment or death; **or**

☐ **(c)** an offense for which a maximum term of imprisonment of 10 years or more is prescribed in the Controlled Substances Act (21 U.S.C. §§ 801-904), the Controlled Substances Import and Export Act (21 U.S.C. §§ 951-971), or Chapter 705 of Title 46, U.S.C. (46 U.S.C. §§ 70501-70508); **or**

☐ **(d)** any felony if such person has been convicted of two or more offenses described in subparagraphs (a) through (c) of this paragraph, or two or more State or local offenses that would have been offenses described in subparagraphs (a) through (c) of this paragraph if a circumstance giving rise to Federal jurisdiction had existed, or a combination of such offenses; **or**

☐ **(e)** any felony that is not otherwise a crime of violence but involves:
**(i)** a minor victim; **(ii)** the possession of a firearm or destructive device (as defined in 18 U.S.C. § 921);
**(iii)** any other dangerous weapon; or **(iv)** a failure to register under 18 U.S.C. § 2250; **and**

☐ **(2)** the defendant has previously been convicted of a Federal offense that is described in 18 U.S.C.
§ 3142(f)(1), or of a State or local offense that would have been such an offense if a circumstance giving rise to Federal jurisdiction had existed; **and**

☐ **(3)** the offense described in paragraph (2) above for which the defendant has been convicted was committed while the defendant was on release pending trial for a Federal, State, or local offense; **and**

☐ **(4)** a period of not more than five years has elapsed since the date of conviction, or the release of the

defendant from imprisonment, for the offense described in paragraph (2) above, whichever is later.

☐ **B. Rebuttable Presumption Arises Under 18 U.S.C. § 3142(e)(3)** *(narcotics, firearm, other offenses)*: There is a rebuttable presumption that no condition or combination of conditions will reasonably assure the appearance of the defendant as required and the safety of the community because there is probable cause to believe that the defendant committed one or more of the following offenses:

- ☐ **(1)** an offense for which a maximum term of imprisonment of 10 years or more is prescribed in the Controlled Substances Act (21 U.S.C. §§ 801-904), the Controlled Substances Import and Export Act (21 U.S.C. §§ 951-971), or Chapter 705 of Title 46, U.S.C. (46 U.S.C. §§ 70501-70508);
- ☐ **(2)** an offense under 18 U.S.C. §§ 924(c), 956(a), or 2332b;
- ☐ **(3)** an offense listed in 18 U.S.C. § 2332b(g)(5)(B) for which a maximum term of imprisonment of 10 years or more is prescribed;
- ☐ **(4)** an offense under Chapter 77 of Title 18, U.S.C. (18 U.S.C. §§ 1581-1597) for which a maximum term of imprisonment of 20 years or more is prescribed; **or**
- ☐ **(5)** an offense involving a minor victim under 18 U.S.C. §§ 1201, 1591, 2241, 2242, 2244(a)(1), 2245, 2251, 2251A, 2252(a)(1), 2252(a)(2), 2252(a)(3), 2252A(a)(1), 2252A(a)(2), 2252A(a)(3), 2252A(a)(4), 2260, 2421, 2422, 2423, or 2425.

☐ **C. Conclusions Regarding Applicability of Any Presumption Established Above**

☐ The defendant has not introduced sufficient evidence to rebut the presumption above, and detention is ordered on that basis. *(Part III need not be completed.)*

**OR**

☐ The defendant has presented evidence sufficient to rebut the presumption, but after considering the presumption and the other factors discussed below, detention is warranted.

### Part III - Analysis and Statement of the Reasons for Detention

After considering the factors set forth in 18 U.S.C. § 3142(g) and the information presented at the detention hearing, the Court concludes that the defendant must be detained pending trial because the Government has proven:

☒ By clear and convincing evidence that no condition or combination of conditions of release will reasonably assure the safety of any other person and the community.

☒ By a preponderance of evidence that no condition or combination of conditions of release will reasonably assure the defendant's appearance as required.

In addition to any findings made on the record at the hearing, the reasons for detention include the following:

- ☒ Weight of evidence against the defendant is strong
- ☒ Subject to lengthy period of incarceration if convicted
- ☐ Prior criminal history
- ☐ Participation in criminal activity while on probation, parole, or supervision
- ☒ History of violence or use of weapons
- ☒ History of alcohol or substance abuse
- ☒ Lack of stable employment
- ☒ Lack of stable residence
- ☒ Lack of financially responsible sureties

☒ Lack of significant community or family ties to this district
☒ Significant family or other ties outside the United States
☒ Lack of legal status in the United States
☒ Subject to removal or deportation after serving any period of incarceration
☐ Prior failure to appear in court as ordered
☒ Prior attempt(s) to evade law enforcement
☐ Use of alias(es) or false documents
☒ Background information unknown or unverified
☐ Prior violations of probation, parole, or supervised release

OTHER REASONS OR FURTHER EXPLANATION:
See attached pages.

### Part IV - Directions Regarding Detention

The defendant is remanded to the custody of the Attorney General or to the Attorney General's designated representative for confinement in a corrections facility separate, to the extent practicable, from persons awaiting or serving sentences or being held in custody pending appeal. The defendant must be afforded a reasonable opportunity for private consultation with defense counsel. On order of a court of the United States or on request of an attorney for the Government, the person in charge of the corrections facility must deliver the defendant to a United States Marshal for the purpose of an appearance in connection with a court proceeding.

Date: 08/03/2021

_Christine A Boyan_
United States Magistrate Judge

After considering the pretrial services report, the testimony presented at the hearing, the proffer of the Defendant, and the factors contained in 18 USC 3142(g), the Court concludes that the United States met its burden to prove by a preponderance of the evidence that no combination of conditions can reasonably assure the appearance of the Defendant and by clear and convincing evidence the Defendant poses a danger to the community that cannot be mitigated by conditions of release.  The Court bases these conclusions on the following findings and considerations:

(1)   The charged offense is possession of firearms and ammunition by an alien who has been admitted to the United States under a non-Immigrant visa, a violation of 18 U.S.C. § 922(g)((5)(B).  The offense carries a maximum statutory penalty of up to 10 years in prison, a 3-year term of supervised release, and up to a $250,000 fine.

(2) The weight of the evidence is the least important factor the Court considers when deciding the issue of detention.  In this case, the United States presented clear and convincing evidence that Defendant violated 18 U.S.C. § 922(g)((5)(B).  The case agent testified that he personally saw the Defendant possess and operate firearms and ammunition on May 17 and 18, 2021, including a Taurus 22 caliber pistol, a Glock 45 9mm handgun, and a Smith and Wesson AR 15 (assault rifle)  The agent also testified that he reviewed the receipts from the gun range showing Defendant's purchase of 200 rounds of ammunition. The agent personally photographed the Defendant firing weapons at the shooting range and authenticated those photographs at the hearing.  The photographs of the weapons are included in the affidavit in support of the Criminal Complaint.   According to the agent's testimony, all of the weapons Defendant possessed on May 17 and 18 had traveled in or affecting interstate commerce.

(3) The history and characteristics of the Defendant.  The Defendant was born and raised in Niger.  After his parents divorced, he moved back and forth between Niger, where his father lives, and Cameroon, where his mother lives. His sister also lives in Niger.   The Defendant lives alone in a rented apartment and is unemployed.  He came to the United States in 2016 to attend North American University in Houston and graduated in 2020.  His F-1 visa status has been terminated because he exceeded his unemployment time and he no longer has status to remain in the United States. Because the Defendant entered the United States on a non-immigrant Visa he is prohibited from possessing firearms and ammunition.

Other evidence of the Defendant's history and characteristics establish by clear and convincing evidence that he poses a danger to the community.  The information was discovered as the result of an investigation that started shortly after naval air station attack in Corpus Christi by Adam Aleshi on May 21, 2020.  The resulting investigation revealed that on the morning of the attack, Aleshi sent a What's App status update to a select group of individuals, including the Defendant, Gouroudja. The investigation revealed both direct and indirect communications between Aleshi and Gouroudja and also involved a confidential source.  One of the indirect communications between Gouroudja and Aleshi involved Gouroudja asking a third party whether Gouroudja needed the permission of his parents for jihad.  The third party sent the message to Aleshi and his response was relayed to Gouroudja.  Testimony at the hearing also described some of Gouroudja's conversations with the confidential source (CS) about committing jihad.  Unrebutted testimony at the hearing established that due to Gouroudja's concerns about electronic surveillance, he would place his electronic devices in one room then move to another

room and whisper his conversations about jihad with the CS. The testimony also established that during the period before his arrest in which Gouroudja was under FBI surveillance, he appeared to detect or look for signs of surveillance on multiple occasions by pulling over on busy streets and watching cars that passed, making multiple U-turns on busy streets, pulling into parking lots and watching the cars that passed, and other counter-surveillance maneuvers.

The evidence of both danger and risk of flight the Court finds to be clear and convincing includes:

Risk of flight/non-appearance: Gouroudja is a citizen of Niger and possesses a Niger passport; his parents and sister live in Niger and Cameroon; his F-1 student visa was terminated because he exceeded unemployment time; credible testimony described multiple conversations and internet searches about foreign travel to Egypt, Palestine, Israel and Gaza; credible testimony described internet searches about foreign travel and whether Islam allows individuals to take an assumed name; credible testimony described a conversation in which Gouroudja told the CS he had decided not to purchase weapons in the U.S. because he cannot travel with them; credible testimony described his attempts to avoid detection by evading vehicle surveillance and by whispering his conversations about jihad in a separate room from those where his electronic devices were located; the testifying agent stated that Gouroudja uses a VPN and unaffiliated Instagram account to discuss jihad; testimony and exhibits 7-8 established that Gouroudja no longer has status to remain in the United States and the Court concludes he would be subject to deportation if convicted on these charges. He lives alone, has a self-reported history of drug use, and was in possession of cocaine and marijuana when arrested.

Danger to the community: Taken as a whole, the following constitutes clear and convincing evidence that the Defendant poses a danger to the community. Credible testimony and still photographs described and demonstrated his attendance at weapons courses and requests to personnel at the gun range to take a course in tactical training (shooting on the move) and sniper rifle training; credible testimony described his conversations and internet searches regarding jihad, his references in recorded conversations to physical and weapons training and his plan to "do training for one to three months"; credible testimony described multiple conversations and internet searches about foreign travel to Egypt, Palestine, Israel and Gaza; credible testimony described internet searches about foreign travel and whether Islam allows individuals to take an assumed name; credible testimony described a conversation in which Gouroudja told the CS he had decided not to purchase weapons in the U.S. because he cannot travel with them; Gouroudja's recorded conversations with a CS mentioned the terrorist attack in San Bernadino, California in which a muslim man and woman killed 14 people and injured more; Gouroudja's electronic devices contained sermons and videos supportive of violent jihad, including a sermon from an ISIS spokesman who was killed in 2016, multiple video images containing known images of ISIS, the ISIS flag and quotes, and an ISIS video that includes images of beheaded individuals with the words "your heads will roll" and an individual being beheaded; Defendant has an Instagram account on which the profile photo is a viewpoint from a grave looking up at blue sky.

4. The seriousness of the danger. The Court finds the seriousness of the danger posed by Defendant's release is very high. Credible evidence described his conversations and internet

searches about travel to foreign countries for the purpose of jihad.  He requested a tactical weapons course and a sniper rifle course at a gun range.  His recorded conversations with a CS mentioned the terrorist attack in San Bernadino, California in which a muslim man and woman killed 14 people and injured more.  The Court finds that taken as a whole, credible evidence introduced at the hearing demonstrates an extremely serious danger that the Defendant has been training to commit a jihadist terrorist attack in a foreign country.

The Court finds the United States met its burden to show by clear and convincing evidence that the Defendant poses a danger to the community and by a preponderance of the evidence that he poses a risk of flight.  The Court finds the danger and risk of flight cannot be mitigated by any combination of conditions of release.