# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF TEXAS
## HOUSTON DIVISION

| | |
|---|---|
| **UNITED STATES OF AMERICA** | |
| **vs.** | **CRIMINAL NO. 4:21-cr-00396** |
| **MOCTAR GOUROUDJA AHMADOU**<br>    **Defendant** | |

### UNOPPOSED MOTION FOR A PROTECTIVE ORDER
### GOVERNING DISCLOSURE OF DISCOVERY MATERIALS

Pursuant to Rules 16, 49.1(e), and 26.2 of the Federal Rules of Criminal Procedure, the government files this Unopposed Motion for a Protective Order Governing Disclosure of Discovery Materials to protect individually identifiable information, protect ongoing criminal investigations, maintain the integrity of the judicial process, and to promote timely resolution of this case. Specifically, the government proposes:

That any discovery materials (or copies thereof) provided by the government to the defense (regardless of when such materials were produced):

a) Materials shall not be further disseminated[1] by the defendant or his counsel of record to any individuals, organizations or other entities, other than: (i) members of the defense team (co-counsel, paralegals, investigators, translators, litigation support personnel, the defendant, and secretarial staff) and (ii) experts retained to assist in the preparation of the defense or determine if a plea of guilty is appropriate.

---

[1] "Disseminated" means to provide, show or describe to another either a particular piece of discovery or quotations, excerpts, or summaries derived therefrom.

b)      No Discovery Material shall be disseminated to any member of the defense team, as defined above, expert witness retained by the defense team, or any duly authorized witness unless that person shall first have signed the Acknowledgment in the form attached hereto as Appendix A, agreeing to comply with the terms of this Order.  The signed Acknowledgment shall be filed with the Court under seal. The substitution, departure, or removal for any reason from this case of counsel for the defendant, or anyone associated with the defense team shall not release that person from the provisions of this Order or the Acknowledgement executed in connection with this Order.

c)      Defense counsel shall advise any person to whom the discovery materials are disclosed in accordance with this Order that further disclosure or dissemination is prohibited without defense counsel's express consent.

d)      Notice of proposed dissemination to defense experts shall be provided to the Court *ex parte* and under seal.  Each of the individuals to whom disclosure is made pursuant to the above provision shall be provided a copy of this protective order and will be advised that he or she shall not further disseminate the materials except by the express direction of counsel of record or co-counsel. The government shall provide copies of any Discovery Material appropriately so marked.

e)      Discovery Material shall not be maintained by the defendant, nor be in the sole physical custody of the defendant, nor shall the defendant be permitted to make notes of the content of said materials and keep such notes with him

or disperse such notes or the contents thereof to anyone other than his attorney or members of his attorney's staff.

f) Defense counsel shall store all Discovery Materials, and any copies thereof, in a secure place at all times.

g) The Discovery Materials in this case are now and will forever remain the property of the United States Government. At the conclusion of this case, all Discovery Materials shall be destroyed or maintained under secure conditions by defense counsel. Upon written request of the government, all Discovery Materials shall be returned to the government.

## I.    Background

The defendant is charged with possession of firearms and ammunition by a person admitted under a nonimmigrant visa in violation of 18 U.S.C. § 922(g)(b)(2).  A grand jury returned an indictment with this charge on July 28, 2021 (Dkt. No. 5).

The nature of the case renders this matter an unusual case involving complex legal and factual issues.  Moreover, as observed in the Memorandum of Law Regarding the Classified Information Procedures Act and Unopposed Motion to Continue Scheduling Order and Certify Case as Complex, 18 U.S.C. App. III (CIPA), matters relating to classified information may arise in connection with this case.  (Dkt. 14).  The defendant has pled not guilty and through counsel has requested discovery.  Discovery is substantial and contains sensitive information potentially related to FBI Confidential Human Source ("CHS"), FBI Undercover Employee ("UCE"), or FBI Online Covert Employee ("OCE") and other Sensitive Information provided in this case.

Discovery in this case includes the following types of materials, copies of recordings made by witnesses, interviews, reports, photographs, writings, or other materials related to the underlying investigation of this case.

To facilitate the timely resolution of the case, the government intends to go beyond its discovery obligations by providing copies of all discovery materials un-redacted through a secure electronic file exchange or on encrypted hard drives to be supplied by the defendant's counsel, but will only be able to do so if it can be assured that the materials are adequately protected. The government's file exchange and/or encrypted hard drives will enable the defense attorneys to securely access the discovery and allow them to make hard copies of the discovery if they so choose. If any party wishes to use a document as an exhibit to a motion or at trial, they would be responsible for complying with the standard rules regarding protecting personal identifying information by redacting the document and/or seeking leave to file the document under seal.

Accordingly, to safely and timely facilitate the discovery in this case, the government seeks the proposed protective order.

II.    Authority for a Protective Order

This Court possesses the express authority to enter protective orders to handle all matters of a private or sensitive nature. Fed. R. Crim. P. 16(d) (discovery protective orders); 49.1(e) (protective orders concerning matters of privacy and personal information). Specifically, Rule 16(d)(1) permits courts to enter protective orders that deny, restrict, or defer discovery or inspection, or grant other appropriate relief for good cause. *Id.* Indeed, "[a] trial court can and should, where appropriate, place a defendant

and his counsel under enforceable orders against unwarranted disclosure of the [surveillance] materials which they may be entitled to inspect." *Alderman v. United States*, 394 U.S. 165, 185 (1969).

III.    Conclusion

The government requests that the Court enter a protective order limiting the disclosure of discovery materials in this case as described above. The government believes these proposed restrictions constitute the least restrictive measures available to protect the various interests involved in this case, including the defendant's interest in full and efficient discovery. The compelling interests of protecting the discovery in this case based upon the nature of the charges constitutes more than adequate good cause to enter the requested protective order. Further, the defendant does not oppose this motion.

Respectfully submitted,

JENNIFER B. LOWERY
ACTING UNITED STATES

ATTORNEY

By:    */s/  Steven Schammel*
STEVEN SCHAMMEL
Assistant United States Attorney
U.S. Attorney's Office
1000 Louisiana, Ste. 2300
Houston, Texas 77002
(713) 567-9325

*/s/  Richard W. Bennett*
RICHARD W. BENNETT
Assistant United States Attorney
U.S. Attorney's Office
1000 Louisiana, Ste. 2300
Houston, Texas 77002
(713) 567-9000

## CERTIFICATE OF CONFERENCE

On September 22, 2021, I conferred with counsel for the defendant, and he indicated that he joins this motion and is therefore, not opposed to the relief requested herein.

/s/ Steven Schammel
STEVEN SCHAMMEL
Assistant United States Attorney

## CERTIFICATE OF SERVICE

I hereby certify that on September 22, 2021, I electronically filed the foregoing document with the clerk for the U.S. District Court, Southern District of Texas, using the electronic case filing system of the court. The electronic case filing system sent a "Notice of Electronic Filing" to the attorney of record.

/s/ Steven Schammel
STEVEN SCHAMMEL
Assistant United States Attorney