CLERK, U.S. DISTRICT COURT
RECEIVED CHAMBERS
DEC 01 2023
SOUTHERN DIST. OF TEXAS
HOUSTON, TEXAS

United States of America
Southern District of Texas
Houston Division

| | §
United States of America | §
v. | § Criminal No: 4:21-CR-00396
MOCTAR AHMADOU GOUROUDJA AHMADOU | §
| §

Defendant's Sentencing MEMORANDUM

(1)-(a) 1B1.3 Relevant conduct: The defendant was found guilty of possessing firearms at a gunrange, which is a lawful sporting, leisure, and professional business, after being denied to present a defense of "entrapment by estoppel". The criminal activity was the unlawful possession and the defense's position on the "terrorism" allegations from the prosecution is that they are the result of an entrapment operation that proved itself unfruitful as the defendant refused to commit anything of violence or terroristic. The defense points out that the allegations contain many untrue, inaccurate and inadmissible arguments based on "out-of-context" use of his interractions with the government's informant, and an exaggerated portrayal of them. The government's version of events is geared to inflamate and take the "actual" crime of conviction beyond it's scope. The scope of the crime is an unlawful possession of firearms that occured and ended at Texas Gun Club by a defendant who was mislead to beleive that it was lawful for him to shoot by that gunrange, a federal firearms dealer. The defendant would only go at the gunrange because he beleived there was nothing wrong with it while the government's informant would sometimes discuss and incite towards "Jihad" or potential

wrong conduct with the defendant to no avail. The defendant would refute and debate many of the informant's advances and would refer to events and figures from society during their interactions while refraining and dissuading from wrongdoing or trouble, as the mainstream "Muslims" do. The defendant never committed anything terroristic or joined any terrorism organizations and would subsequently even avoid the CHS (informant).

(b) 1B1.2 Offense guideline section applicable to the offense of conviction: The applicable section of the United States guideline manual is section 2K2.1 due to the resulting unlawful possession of firearms by the defendant during his trips to the gunrange, where they were rented.

(2) - Base offense level and characteristics: Although the defendant possessed a semi-automatic firearm that is capable of accepting a large capacity magazine under 2K2.1.a.4.B.i.I at the gunrange on count 3, the defense asks for lenience as a gunrange fits the description of a lawful sporting environment. The offense level based on the aforementioned would be that of 20 but if it wasn't a semi-automatic firearm that was capable of accepting a large capacity magazine, an offense level of 6 could have been the qualification under 2K2.1.(b).2. As the offense involved 3 firearms, an increase of 2 levels is mentioned under 2K2.1.(b).1.A.

(3) Victim, Role, and Obstruction adjustments: There was no violence/hate/human rights offense committed and no one was harmed. The government is prosecuting an unlawful possession of firearms by a defendant who was mislead and under entrapment circumstances. The crime of conviction was not a federal crime of terrorism, was not calculated to influence or affect the conduct of government by intimidation or coercion, or to retaliate against government conduct and did not

involve or intend to promote, an offense enumerated in 18 U.S.C. § 2332(g)(5)(B). The criminal activity and "offense" proven and accepted "beyond a reasonable doubt" at trial began and stopped at unlawfully possessing firearms, by a defendant that didn't know it was unlawful and in fact was told and led to believe the contrary by a federal firearms dealer, under the supervision, transportation, and financing of agents from the government as the firearms were actually rented with the FBI informant's money. The defendant was no organizer, leader, manager or supervisor, but was rather being set up. It was the informant that had initially requested to go shoot guns, and under 3B1.2 (mitigating role), the defendant was a minimal participant (4 level reduction), or a minor participant (2 level reduction), or in between (3 level reduction), as he had only obliged a request of someone he perceived as a friend that was new in town and that did not know where to go for his hobby because the informant claimed that it was in fact his practice to shoot and that he wished to go shoot but did not know where to. Lastly, there was no obstruction of justice.

(4) Offense level based on multiple counts: The defendant was convicted of 4 counts under section 2K2.1 of the United States guideline manual. Counts under this guideline are to be grouped in one count and are treated under 2K2.1.(b).1.A, which covered an increase of 2 levels as mentioned in section (2) of the present document.

(5) Acceptance of responsibility 2 point adjustment: The defendant, to this day, presents acceptance of responsibility as charged in the indictment regarding the unlawful possession of firearms and has only pursued legal defenses. Letters were sent to attest of this and the defense requests the attributed reductions under 3E1.1.

(6) Criminal History: The defendant has no priors and the allegations over-represent the seriousness of the crime and of the defendant's conduct.

(7) Corresponding guideline range: As the defendant has no criminal history and that the offense level is at level 17 after taking in consideration the possible reductions for acceptance of responsibility if granted (22-2 levels), and the mitigating role as an "in-between" participant (20-3 levels), his guideline range would be that of 24 to 30 months. An 11(c)(1)(A) plea proposal of 30 months was offered but although the defense went to trial, it seeks an additional reduction of 4 levels under 5K3.1's early disposition program in exchange for not challenging deportation proceedings. If granted, the defendant's guideline would be that of 12 to 18 months with an offense level of 13 instead of 17.

(8) Alternative punishment: The defendant proposes deportation as an alternative punishment for the purposes of sentencing as part B through G of alternative punishments would be in conflict with his current immigration status.

(9) Parts H and parts K to be applied towards downward departures and variances: for brievity and to avoid repetition, the defense refers and directs to its objections and suggestions sent in 2 letters to the court on (a) 08/24/23 and (b) 09/20/23. Under 5H1.2. the defendant is a college graduate with awards, experience, and that was studying towards certification in supply chain; under 5H1.6. the defendant is needed to help provide for his family; under 5H1.5. the defendant presents a productive and contributing member of society; under 5H1.8. we see that the defendant had no priors; under 5H1.3. we see that the defendant was mislead, has been weathered, and seeks relief.

Under 5H1.7. we see that the defendant has a mitigating role; under 5K2.10. we see that the government contributed to the offense; under 5K2.13. we see that the defendant couldn't understand or know any better as he was mislead by federal firearms dealers; under 5K2.20. we see that the defendant did not plan to unlawfully possess firearms; under 5K2.11 we see that the defendant avoided greater offenses; and under 5K3.1. we see that the defendant requests a reduction for not challenging deportation.

(10) <u>18 U.S.C. 3553(a) Factors</u>: The defense suggests that a sentence below or at the lowest end of the guidelines aforementioned would be sufficient to comply with the purposes of sentencing as the defendant is still under detention after over 2 years for being at a gunrange. The numerous factors outlined in §3553(a) can be summarized in three general categories: (a) the nature of the offense; (b) the history and character of the defendant; and (c) the needs of the public and the victims of the offense. As for (a), the nature of the offense, the crime is a possession of firearms at a gunrange because of being mislead within entrapment circumstances. The defendant was convicted of all counts as the defense tried to present occurence of entrapment by estoppel as in United States vs AbdoulRaouf Shahir Batterjee but was denied the opportunity. As for (b), the history and character of the defendant, he was a contributing member of society during and after his baschelor's degree in business administration that he came to work on from Niger as a foreign student. The defendant was then unfortunately investigated due to an incident that he had no knowlege of and had nothing to do with. The FBI then sent an informant as they surveilled the defendant whom had in fact never presented any threat to society but in fact, had opposed wrongdoing. The informant then lured

the defendant into going at the gun range for leisure and since the defendant thought it was legal, had obliged helping someone to have fun. Subsequently to their agreement on going at the gunrange for leisure, they would discuss the news and the topic of palestine as the informant was really trying to push the defendant towards terrorism to no avail. Since the defendant wouldn't even possess guns outside the gunrange and was averse to the informant and his proposals, they've charged the defendant for being at the gunrange. The informant's conversations with the defendant were then taken out of proportions by the prosecution and presented beyond the scope of the crime to inflamate the image of the defendant. The defendant never commited to, or joined any terroristic act; he had only discussed and researched the situation of oppressed humans out of empathy and altruism for the innocent and those he shares a faith with. And as for (C) the needs of the public and the victims of the offense, no one was harmed other than the defendant which simply couldn't know any different as he was mislead; and whom won't do it again as he may be deported and now knows better. The public was never in danger from the defendant during his stay and still isn't.

We ask the court to be lenient in the sentence after considering all the aforementioned, and especially that the defendant is a college graduate that would be deported, after which he could finally be in the loving environment of his family which he needed, and work and provide for them after being weathered and detained over 2 years for being at a gunrange when he was mislead.

Respectfully submitted while hoping for downward departures,
Moctar Ahmadou Gouroudja Ahmadou, Reg No. 02302506,
/S/ GAMA , 11/27/23, Federal Detention Center
P.O. Box 526255, Houston, TX 77052-6255